RUMSEY-SIKEMEIER COMPANY, Appellant, v.
BANK OF AURORA et al., Respondents.

Springfield Court of Appeals, December 6, 1909.

1. **PARTNERSHIP: Right of Creditor to Pursue Partnership
Property.** A partnership creditor has no independent right
to follow partnership property for the payment of his debts
to the exclusion of the debts of the individual partners. This
right, where it exists, is derivative, given primarily for the
protection of the individual partners and is subject to their
will, and if they waive or forfeit this right by contract or
otherwise, the right of the creditor fails.

2. ———: ———: **Absconding Partner Waives Right.** Where a
partner absconds and sustains the position of having de-
serted the partnership he has no equities to protect. He will
be held to have authorized the remaining partner to dispose
of the partnership effects as the latter may wish and to have
waived his right to have the partnership property applied to the
payment of partnership debts, and, in the absence of fraud,
a creditor of the firm cannot follow the partnership property
in the hands of third parties.

3. ———: ———: The general rule is, subject to some ex-
ceptions, that the claim of a partnership creditor should first
be reduced to judgment against the copartners before an ac-
tion can be sustained to subject partnership property in the
hands of a third party to the payment of the debt.

4. ———: ———: ———: **Judgment Must Be Against All the
Partners.** Where a partnership creditor in a suit on a debt fails
to get service on one partner and takes judgment only against
the remaining partner, he cannot subject the partnership as-
sets, as such, to the payment of the judgment, for the judgment
has become the individual debt of the partner against whom
it was rendered and the interest of the other partner in the
partnership property is not affected and cannot be reached
under the judgment.

Appeal from Lawrence Circuit Court.—*Hon. F. C.
Johnston,* Judge.

AFFIRMED.

Rumsey-Sikemeier Co. v. Bank of Aurora.

*Oscar B. Elam* for appellant.

(1)   Plaintiff's petition states a cause in equity entitling plaintiff to have the assets of the insolvent partnership subjected to the payment of the demand of the plaintiff in preference to the rights of the defendants to satisfy their demands against an individual partner. Pendleton v. Perkins, 49 Mo. 565; West v. Wayne, 3 Mo. 16; Luthy v. Woods, 1 Mo. App. 168; Burnham, Munger & Co. v. Smith, 82 Mo. App. 35; Kemper v. San Antonio Co., 118 Mo. App. 150; Iron Co. v. McDonald, 61 Mo. App. 559; Bispham's Principles of Equity, (5 Ed.), secs. 525, 526, 527; Reyburn v. Mitchell, 106 Mo. 365; Shackleford's Admr. v. Clark, 73 Mo. 491; Phelps v. McNealey, 66 Mo. 554; Hilker v. Francis, 65 Mo. 598; Wiles v. Masterson, 26 Mo. 77; Bank v. Brennann, 97 Mo. 145; Hundley v. Farris, 103 Mo. 78; Grocery Co. v. McCune, 122 Mo. 426.   (2)   Service of process upon either defendant partner is sufficient to bind the interest of the other partner in the partnership assets as against the partner not served with process. Bispham's Principles of Equity (5 Ed.), sec. 258, p. 381; Bank v. Altheimer, 91 Mo. 190; Hargadine v. Gibbons, 45 Mo. App. 473; Bank v. Henchen, 52 Mo. 207.   (3)   "The filing of a creditor's bill and the service of process creates a lien in equity upon the effects of the debtor. It has been aptly termed an 'equitable levy.' It may be filed by one creditor alone, or on behalf of himself and all others who choose to come in." Bispham's Principles of Equity (5 Ed.), sec. 527, p. 642; Burnham, Munger & Co. v. Smith, 82 Mo. App. 35; Carr v. Coal Co., 15 Mo. App. 551.

*McNatt & McNatt* for respondent, Bank of Aurora.

(1)   A common creditor has no lien on partnership asets for the payment of partnership debts; except as he succeeds to the right of one or more of the partners, by attachment or execution. McDonald & Co. v.

Cash & Hainds, 57 Mo. App. 537; Tennant-Walker & Co. v. McKean, 46 Mo. App. 486; Norris v. Rumsey, 54 Mo. App. 146; Hutchinson v. Brassfield, 86 Mo. App. 46. (2) A creditor has no standing in equity until he has exhausted his legal remedy, or shows by his petition that he has no such remedy. Mullin v. Hewitt, 103 Mo. 650. (3) The interest of Struby could be reached by attachment. Hill v. Bell, 111 Mo. 35. (4) Until he established his disputed claim by judgment, plaintiff was not affected by the disposition of the partnership property. Mullin v. Hewitt, 103 Mo. 650; Crim v. Walker, 79 Mo. 335; Merry v. Freeman, 44 Mo. 518; Fisher v. Tallman, 74 Mo. 39.

STATEMENT.—Plaintiff alleges that Charles M. Miller and William R. Struby were partners, doing business under the firm name of Aurora Plumbing and Heating Company; that they owned a stock of goods located in the Randall Block on East Olive street in Aurora, Missouri. That plaintiff sold this firm a stock of goods of the value of $813.98, of which there is now due and unpaid $358.72. That this account is due and owing, and payment has been demanded. That the partners are insolvent—have no assets except the stock of goods of the partnership, and that said Charles M. Miller has diverted the partnership assets from the payment of the debts of the said partnership, to-wit: the said debt of the said partnership to the plaintiff, and has subjected the same to the payment of the private debts of said Miller owing to the defendant, Bank of Aurora, and defendant Alice Miller, who are now in possession and control of the assets and holding the same under chattel mortgages executed by Miller to secure the private debts of Miller as aforesaid.

That Struby has absconded and is now a non-resident of the State. He was not served with process, and did not appear at the trial. Judgment for defendant, and plaintiff appeals.

COX, J.—The first question to be determined on this appeal is as to the right of the plaintiff to pursue the partnership property, and subject the same to the payment of its debt to the exclusion of the creditors of the individual partners under the circumstances mentioned in this case. A partnership creditor has no independent right to follow the partnership property and require that his debt be paid therefrom to the exclusion of debts of the individual partners. His right, in that respect, when it exists at all, is a derivative right only, and results from the fact that the partners have the right as between themselves to require that the partnership assets be applied to the liquidation of the firm debts in order that they may be protected from personal liability for the same, and when a creditor of the partnership is permitted to pursue the partnership assets and require them to be applied to the satisfaction of his debt to the exclusion of the creditors of the individual partners, it is done, primarily, for the protection of the partners—not the firm creditors. It is manifest then that this right of the firm creditor, being a derivative right only, which is given him, not for his own benefit, but for the protection of the individual partners, is always, in the absence of fraud, subject to the will of the individual partners whose interests are to be protected through him, and if the individual partners shall waive or forfeit this right by contract or otherwise, the right of the creditor fails. [Reyburn v. Mitchell, 106 Mo. 365; Gordon Peck Grocery Co. v. McCune, 122 Mo. 426 and other cases there cited.]

Applying this principle to this case, it is apparent that if the plaintiff can follow the assets of these partners in the hands of the Bank and Alice Miller, they must do so upon the theory that it is necessary in order to protect the interest of Struby, the absconding member of the firm; and if Struby has waived his right to have this done, then plaintiff's right is gone. Whether or not Struby has waived this right will depend upon

what effect shall be given to his absconding. The evidence shows that he has absconded and that his whereabouts is unknown. We, therefore, can only conclude that he has gone, never to return, and by doing this, without leaving any direction as to his interest in the partnership, he has necessarily cast upon Miller, the other member of the firm, the entire burden and responsibility of the business; and, since he has placed himself in a position where he cannot be consulted, he must be held, in the absence of fraud, to have given full authority to Miller to dispose of the partnership effects as he wished, and as long as Struby sustains the attitude of having wholly deserted the partnership he has no equities to protect, hence, there is no foundation upon which plaintiff can base its right to interfere in the disposition of the partnership assets.

The remaining question in this case is as to whether plaintiff's claim should have been reduced to judgment before instituting this action. The general rule is that a claim must be reduced to judgment before an action of this kind will lie. This rule has its exceptions, but we think this case comes under the general rule. The reason of the rule is that it may be judicially determined that the debt exists and is a partnership debt, so that the question to be determined in this case, to-wit: the right to follow the partnership assets in the hands of a third party may affect all the parties to the suit, and not require a part of the defendants—in this case, the Bank and Alice Miller—to stand idly by and endure the suspense of waiting until plaintiff shall litigate his debt with the partners before they can know whether they shall be called upon to defend at all, for if plaintiff should fail to establish his debt *as a partnership debt,* the defendants—Bank and Alice Miller, should be discharged even though it might appear that Charles M. Miller was personally liable. Again, plaintiff must fail in this action for the reason that before this property can be subjected to the payment of its debt, as

asked, and an execution awarded to sell it for that purpose, a judgment must first be obtained against all the partners: for a judgment against one partner only, would, as far as the judgment is concerned, be the individual debt of that partner, and to subject partnership assets to the payment of this judgment would put the court in the anomalous position of holding that this property must be applied to the payment of partnership debts, and then by execution subject it to the payment of a judgment against one partner alone. This, the court would not do. Although Struby has absconded, yet, before this claim of plaintiff can ripen into a judgment that can be denominated a judgment against the partnership, so that partnership property, as such, can be reached under it, Struby must be brought into court in some way, so that the judgment when rendered, will bind all the partners. For the reasons stated, the judgment below was for the right party, and is, therefore, affirmed. All concur.